3:09mc10LRA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**     **PLAINTIFF**

VS.                                                           Case No. 3:08CV132

**C. E. FRAZIER CONSTRUCTION COMPANY, INC.,**
**C. E. FRAZIER, JR,**
**PHYLLIS E. FRAZIER,**
**AUSTIN W. FRAZIER,**
**FRAZIER DEVELOPMENT, LLC,**
**M. F. PROPERTIES, L.P., AND**
**AWF, LLC**                                                   **DEFENDANTS**



### CLERK'S CERTIFICATION OF A JUDGMENT
### TO BE REGISTERED IN ANOTHER DISTRICT

I hereby certify that the attached judgment is a judgment entered by this Court on March 6, 2009.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed.

SO CERTIFIED this  31st  day of  March , 2009.

DAVID CREWS, CLERK OF COURT

By: _____, Deputy

Jackson 3819268v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**          **PLAINTIFF**

VS.                                                           Case No. 3:08CV132

**C. E. FRAZIER CONSTRUCTION COMPANY, INC.,
C. E. FRAZIER, JR.,
PHYLLIS E. FRAZIER,
AUSTIN W. FRAZIER,
FRAZIER DEVELOPMENT, LLC,
M. F. PROPERTIES, L.P., AND
AWF, LLC**                                                    **DEFENDANTS**

## FINAL DEFAULT JUDGMENT

This matter came before the Court on Plaintiff Travelers Casualty and Surety Company of America's ("Travelers") Motion for Final Default Judgment (Dkt. No. 34), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, against Defendants C.E. Frazier Construction Company, Inc., C.E. Frazier, Jr., Frazier Development, LLC, M.F. Properties, LLC, and AWF, LLC (hereinafter referred to collectively as "Defaulting Defendants"). Based on the record in this action, the Court finds as follows:

1.      On December 9, 2008, Travelers filed its complaint against Defaulting Defendants, in which it sought $6,405,585.21 in compensatory damages and by replevin immediate possession of and all rights to the collateral in which Defaulting Defendants granted Travelers a security interest pursuant to the General Agreement of Indemnity (referred to as "Agreement I" in the Complaint) and the Collateral/Reimbursement Agreement (referred to as "Agreement II" in the Complaint). *See* Dkt. No. 1.

2.      On January 6, 2009, AWF, LLC was duly and properly served with the Summons and Complaint via its registered agent, Austin Frazier, as evidenced by the Proof of Service filed on February 2, 2009. *See* Dkt. No. 20.

3.      On January 7, 2009, C.E. Frazier Construction Co. was duly and properly served with

1

the Summons and Complaint via its registered agent, C.E. Frazier, as evidenced by the Return of Service filed on February 2, 2009. *See* Dkt. No. 22.

4. On January 7, 2009, C.E. Frazier, Jr. was duly and properly served with the Summons and Complaint, as evidenced by the Return of Service filed on February 2, 2009. See Dkt. No. 24. On January 15, 2009, the Court granted C.E. Frazier, Jr.'s motion for extension of time to answer, in which the Court ordered that C.E. Frazier, Jr.'s answer was due by February 4, 2009. *See* Dkt. Text Order entered on 1/15/09.

5. On January 7, 2009, Frazier Development, LLC was duly and properly served with the Summons and Complaint, via its registered agent, C.E. Frazier, as evidenced by the Return of Service filed on February 2, 2009. *See* Dkt. No. 28.

6. On January 7, 2009, M.F. Properties, LP was duly and properly served with the Summons and Complaint, via its registered agent, C.E. Frazier, as evidenced by the Return of Service filed on February 2, 2009. *See* Dkt. No. 26.

7. More than twenty (20) days have elapsed since the dates on which Defaulting Defendants were served with the Summons and Complaint in this matter.[1] To date, Defaulting Defendants have not answered or otherwise defended this action as required by Rule 12 of the Federal Rules of Civil Procedure.

8. Defaulting Defendants are neither infant nor unrepresented incompetent persons.

9. On February 25, 2009, the Clerk entered default against the Defaulting Defendants. *See* Dkt. No. 33.

10. Defaulting Defendants owe Travelers $6,405,585.21 in liquidated damages. *See* Affidavit of Roxanne Kasten, attached to the Complaint as Ex. "A".

11. As it relates to the Defaulting Defendants, and without impairing the rights of any

---

[1] Moreover, C.E. Frazier, Jr. did not file an answer or otherwise defend this action by February 4, 2009 pursuant to the Court's January 15, 2009 Order.

2

duly perfected prior lien holders, if any, Travelers is entitled to immediate possession of and all rights to the collateral in which Defaulting Defendants granted Travelers a security interest pursuant to the General Agreement of Indemnity (referred to as "Agreement I" in the Complaint) and the Collateral/Reimbursement Agreement (referred to as "Agreement II" in the Complaint).

12. In Agreement I, as set forth in the Complaint, Defaulting Defendants granted Travelers a security interest in the following assets:

> [A]ssets and rights of indemnitors, wherever located, whether now owned or hereafter acquired or arising, and all proceeds and products thereof; all goods (including inventory, equipment, and any accessions thereto), instruments (including promissory notes), documents, accounts, chattel paper, deposit accounts, letter-of-credit rights, securities and all other investment property, supporting obligations, any Contract or contract rights or the rights to payment of money, Insurance claims or proceeds, and all general intangible (the "Collateral").

13. In Agreement II, as set forth in the Complaint, Defaulting Defendants granted Travelers a security interest in the following assets:

> [A]ll of INDEMNITORS' accounts receivable, personal property, goods, inventory, accounts, chattel paper, documents, instruments, investments, money, GENERAL INTANGIBLES, EQUIPMENT, and OTHER COLLATERAL.

(Emphases in original).

14. On or about October 3, 2007, duly perfecting its security interest in the above collateral, Travelers filed its uniform commercial code financing statements as it relates to the Defendants. *See* UCC-1 filings, Ex. B to Complaint.

15. On or around February 15, 2008, Travelers amended its financing statement as it relates to the Defendants. *See* UCC-3, attached hereto as Ex. D to Complaint.

16. Thus, Travelers has a duly perfected security interest in the above described collateral of the Defaulting Defendants.

17. Accordingly, the Court finds that, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Travelers is entitled to a final default judgment against Defaulting Defendants in the amount of $6,405,585.21 and for immediate possession of and all rights to the collateral as

described in Agreement I and Agreement II.

IT IS HEREBY ORDERED that this Court enters a final default judgment against Defaulting Defendants as follows:

(1) $6,405,585.21 in liquidated damages;

(2) Prejudgment interest at the statutory rate from the date of the filing of the Complaint;

(3) Post-judgment interest at the statutory rate until the judgment is paid in full;

(4) As it relates to the Defaulting Defendants, and without impairing the rights of any duly perfected prior lien holders, if any, the right to immediate possession of and all rights to, pursuant to Miss. Code § 11-37-101, *et seq.*, the collateral in which Defaulting Defendants granted Travelers a security interest in the General Agreement of Indemnity ("Agreement I"):

> [A]ssets and rights of indemnitors, wherever located, whether now owned or hereafter acquired or arising, and all proceeds and products thereof; all goods (including inventory, equipment, and any accessions thereto), instruments (including promissory notes), documents, accounts, chattel paper, deposit accounts, letter-of-credit rights, securities and all other investment property, supporting obligations, any Contract or contract rights or the rights to payment of money, Insurance claims or proceeds, and all general intangibles (the "Collateral");

and the collateral in which Defaulting Defendants granted Travelers a security interest in the Collateral/Reimbursement Agreement ("Agreement II"):

> [A]ll of INDEMNITORS' accounts receivable, personal property, goods, inventory, accounts, chattel paper, documents, instruments, investments, money, GENERAL INTANGIBLES, EQUIPMENT, and OTHER COLLATERAL.

(5) To the extent Travelers locates, recovers, and liquidates the collateral secured by Agreement I and Agreement II, Travelers shall apply the net proceeds so recovered against the Final Default Judgment; and

(6) All costs of Court.

SO ORDERED, this the 6 day of March, 2009.

_____
DISTRICT JUDGE

4

SUBMITTED BY:

/s Melody McAnally
John A. Crawford, Jr. (MSB# 10346)
Melody McAnally (MSB # 101236)

*Attorneys for Plaintiff Travelers Casualty & Surety Co. of America*

5